UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JABBAR NEWSON,

      Plaintiff,

v.

WAYNE COUNTY PROSECUTOR,
THIRD CIRCUIT COURT, CITY OF
DETROIT, DETROIT POLICE DEPARTMENT,
36TH DISTRICT COURT, MICHIGAN
DEPARTMENT OF CORRECTIONS,
STATE OF MICHIGAN, JOHN DOE,
*36th District Court Judge*, JOHN DOE,
*3rd Circuit Court Judge*,

      Defendants.
_____/

Civil Action No. 08-11417-BC
Honorable Thomas L. Ludington

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Plaintiff Jabbar Newson presently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

II.

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal:
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.F3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

III.

Plaintiff claims that the police fabricated evidence and procured false testimony, leading to his allegedly wrongful conviction for multiple felony charges. Plaintiff further claims that the Detroit Police illegally obtained evidence against him. Plaintiff further contends that the indictment against him was defective and that the judgment of conviction against him is void. Plaintiff does not indicate of what crimes he was convicted, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that plaintiff was convicted of second-degree murder, assault with intent to do great bodily harm, and felony-firearm in the Wayne County Circuit Court in 2000.[1] Plaintiff recently filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, in which he seeks habeas relief from these convictions. *See Newson v. Hofbauer,* U.S.D.C. No. 08-CV-11376 (Borman, J.).[2]

---

[1] This Court is permitted to take judicial notice of the information available through OTIS. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

[2] This information was obtained from the docket sheet of the United States District Court for the Eastern District of Michigan. This Court is permitted to take judicial notice of that docket in a habeas proceeding or as well as in a prisoner civil rights case. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000);

Plaintiff now seeks monetary, injunctive, and declarative relief.

IV.

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable if the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Second, to the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that

---

*see Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction motion for relief from judgment, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *see also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996) (quoting *Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

Since Plaintiff appears to be asking this Court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute. Defendants would, therefore, not be the proper respondents. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3d Cir. 1996) (citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Gerald Hofbauer, the warden at the Marquette Branch Prison.

To the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil

rights suit, it should not be "converted" remedially into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999) (citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

V.

Accordingly, it is **ORDERED** that Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE.** The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: June 2, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2008.

          s/Tracy A. Jacobs
          TRACY A. JACOBS